Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Aguirre, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ABM Onsite Services, Inc., | (Jury Trial Demanded) |
| Defendant. | |

Plaintiff Isabel Aguirre ("Ms. Aguirre" or "Plaintiff"), by and through her undersigned counsel, for her Complaint against Defendant ABM Onsite Services, Inc. ("ABM" or "Defendant"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is an individual residing in Maricopa County, Arizona.

2.  At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

3.  Upon information and belief, ABM Onsite Services, Inc. is a Delaware Corporation conducting regular business in Maricopa County, Arizona.

4.  Defendant, or a predecessor of Defendant, employed Plaintiff in its Tempe, Arizona location from March 1, 1991 until March of 2017.

5.     Defendant caused the events and actions complained of herein to occur in Maricopa County, Arizona.

6.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, as a result of Defendant's failure to pay Plaintiff compensation and overtime compensation for weeks in which Plaintiff worked over 40 hours.

7.     Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

8.     At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

9.     At all relevant times, Defendant had annual gross revenue of at least $500,000.

10.    This Court has jurisdiction under 28 U.S.C. § 1331.

11.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## FACTS COMMON TO ALL COUNTS

12.    Defendant offers industry-focused facilities solutions such as electrical, energy, facilities engineering, HVAC, janitorial, landscape, mission critical, and parking services.

13.    Defendant employed Plaintiff in its janitorial division in Arizona. Defendant's janitorial solutions include employing individuals to clean and service its customer's facilities.

14.    Defendant hired Plaintiff on March 1, 1991 as an administrative assistant in its Tempe, Arizona offices.  In this position, Defendant classified Plaintiff as not exempt from the overtime provisions of the FLSA, and paid Plaintiff overtime compensation for her hours worked over 40 in a week.

15.    At the time, Plaintiff was 17 years old and did not have a high school diploma or GED.

16.     Plaintiff worked her way up in the organization as she learned to perform billing-related tasks.

17.     Although she never completed her high school education or obtained a GED, in 2008, Defendant promoted Plaintiff to a position in its accounting department with the job title of Senior Accountant.

18.     In this new position, Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA, and did not pay her overtime for her hours worked over 40 in a week.

19.     In May 2011, Defendant informed Plaintiff that she was being demoted from her position as a Senior Accountant because she did not have an accounting degree.

20.     Plaintiff's former job duties were transferred to Sherry McGlade and then Zacharay Ward, both of whom are certified public accountants.

21.     Despite her demotion, Defendant continued to treat Plaintiff as an exempt employee and paid her a salary, where it paid her the same amount on the 1st and 15th of every month.  Plaintiff's salary was calculated most recently assuming she made $33.00 per hour based on a 40 hour workweek.

22.     Following her demotion, Plaintiff's job duties were more akin to a bookkeeper position.  Her primary duties included non-exempt tasks such as billing Defendant's customers, collecting Defendant's accounts receivables and running month end reports.

23.     As a result, Plaintiff was not exempt under the FLSA from the overtime requirements.

24.     Plaintiff often worked significantly in excess of 40 hours per week.  Plaintiff estimates she worked between 70-80 hours per week most weeks, often working late into the evening.

25.     Plaintiff's superiors were aware that she worked these hours.

26.     Since her demotion, Defendant has failed to pay Plaintiff compensation and overtime compensation for hours she worked over 40 in those weeks.

27.     Upon information and belief, Defendant was or should have been aware that federal law required it to pay its employees performing non-exempt duties overtime wages for hours worked in excess of 40 per week.

28.     Upon information and belief, Defendant was aware or should have been aware that following her demotion, Plaintiff customarily and regularly performed non-exempt work.

29.     Upon information and belief, Defendant's failure to pay Plaintiff wages and overtime wages for her work in excess of 40 hours per week was willful and without justification or authorization.

30.     By virtue of the foregoing, Plaintiff has preliminarily and conservatively calculated that she was underpaid in an amount of no less than $123,750, excluding interest and liquidated damages, which is based on a 65 hour work-week.

31.     Upon information and belief, Defendant also failed to keep accurate records of Plaintiff's actual work hours.

## COUNT I – Violation of FLSA

32.     Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

33.     Section §207 of the Fair Labor Standards Act provides in relevant part:

[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

34.     Section 216(b) of the Fair Labor Standards Act provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this
> title shall be liable to the employee or employees affected in the amount of their
> unpaid minimum wages, or their unpaid overtime compensation, as the case may
> be, and in an additional equal amount as liquidated damages. . .

29 U.S.C. § 216(b).

35.     Plaintiff was entitled to be paid one and one-half times her regular $33.00 hourly rate of pay for each hour worked in excess of 40 hours per workweek.

36.     In the course of her employment with Defendant, Plaintiff worked the number of hours required of her, many times in excess of 40 hours, but was not properly paid compensation or overtime compensation for those hours.

37.     The pay practices of Defendant, as described in the above paragraphs, violated the FLSA by both by failing to pay Plaintiff for all of her hours worked over 40 hours and failing to properly pay overtime to Plaintiff for those hours.

38.     Defendant's violations of the FLSA are willful and intentional.  Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

39.     Plaintiff has been harmed and suffered damages by being denied wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

40.     As a result of Defendant's unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendant as follows:

a.  An Order declaring that Defendant violated the FLSA;

b. Judgment for Plaintiff against Defendant for the wages and overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

c. Liquidated damages against Defendant as set forth in 29 U.S.C. § 216(b);

d. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendant pursuant to 29 U.S.C. § 216(b); and

e. Any and all other relief the Court deems just and proper.


DATED this 19th day of May 2017.

**MATHESON & MATHESON, P.L.C.**


By: /s Michelle R. Matheson

Michelle R. Matheson, #019568

*Attorney for Plaintiff*