Walker F. Crowson (#032021)
wcrowson@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone: 602.382.6000
Facsimile:   602.382.6070
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Aguirre,<br><br>            Plaintiff,<br><br>v.<br><br>ABM Industries Incorporated,<br><br>            Defendant. | No. 2:17-cv-01539-DGC<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS LAWSUIT WITH PREJUDICE** |

Plaintiff Isabel Aguirre and Defendant ABM Industries Incorporated seek Court approval of the settlement recently reached in this matter and corresponding dismissal of this case with prejudice pursuant to that settlement.  The Parties represent that the settlement is fair and equitable.  Should the Court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with the Parties to bear their respective attorneys' fees and court costs.

**PRELIMINARY STATEMENT**

On May 19, 2017, Plaintiff filed her Original Complaint alleging Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") by failing to pay her overtime and other wages for time worked over forty (40) hours in a workweek and for time worked "off the clock."  Defendant denies those allegations and denies owing Plaintiff any compensation.  This is not a collective action.

Through negotiations between counsel, the parties have settled this dispute. The parties now request the Court approve the Settlement Agreement attached as Exhibit 1 and dismiss this case with prejudice.

## **DISCUSSION**

Employees cannot waive claims for unpaid wages under the FLSA. To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the District Court. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Fontes v. Drywood Plus, Inc.,* No. CV–13–1901–PHX–LOA, 2013 WL 6228652, at *5-8 (D. Ariz. Dec. 2, 2013) (approving FLSA settlement agreement).

If a settlement reflects a "reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Such settlements must be fair. *Id.* at 1353.

In this action, Plaintiff alleges Defendant violated the FLSA by failing to pay overtime compensation, and failing to pay wages for time worked "off the clock." Plaintiff seeks damages for unpaid overtime and other wages, liquidated damages, and costs and attorneys' fees. Defendant denies Plaintiff's allegations and contends Plaintiff was properly paid all wages owed to her. Defendant's other defenses include the statute of limitations, Plaintiff's failure to mitigate her alleged damages, and Plaintiff's failure to take advantage of the reporting process which resulted in Defendant's not being aware of such alleged additional hours worked and the failure to pay for such additional hours worked. Defendant also alleges it is entitled to an offset of any alleged damages owed to Plaintiff as a result of reimbursements improperly paid to Plaintiff.

The parties agree that there is a good faith dispute as to (1) whether any amounts are owed Plaintiff for overtime hours worked or time worked "off the clock"; (2) if such

4843-1263-8036

amounts are owed, how much overtime and "off the clock" time that Plaintiff worked; and (3) how such overtime amounts are to be calculated.  The parties have now agreed to settle these disputes and represent that the terms set forth in the Settlement Agreement are a good faith compromise of the contested issues.

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts and legal issues of this case.  This action will benefit the parties, especially in light of the uncertainty regarding Plaintiff's claims and Defendant's defenses.  The resolution of those issues would dramatically affect any award in this case and the parties have decided that it is in their best interests to resolve this matter pursuant to the terms of the Settlement Agreement.

The settlement is the product of many discussions between counsel and other negotiations between the parties.  It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute.

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and equitable resolution of this action.

Accordingly, the parties respectfully request that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter the proposed Order, filed concurrently herewith, granting the Joint Motion to Approve Settlement Agreement and Dismiss the Lawsuit with Prejudice.

DATED this 11th day of December, 2017.

| MATHESON & MATHESON, PLC | SNELL & WILMER L.L.P. |
|---|---|
| By: *s/ Michelle R. Matheson (w/permission)*<br>Michelle R. Matheson<br>15300 N. 90th St., Suite 550<br>Scottsdale, AZ 85260<br>Attorneys for Plaintiff | By: *s/ Walker F. Crowson*<br>Walker F. Crowson<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br>Attorneys for Defendant |

4843-1263-8036

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if non-registrants on this 11th day of December, 2017:

Michelle R. Matheson
Matheson & Matheson, PLC
15300 N. 90th St., Suite 550
Scottsdale, AZ 85260
mmatheson@mathesonlegal.com

*s/ Leslie Boone*